UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 5:05 CR 317 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFERY L. MARLER, | ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

Now pending before the court is Defendant Jeffery Marler's ("Defendant" or "Marler") Motion to Dismiss (ECF No. 15). Defendant submits that the indictment against him should be dismissed because the United States Congress exceeded its power under the Commerce Clause, art. I, sec. 8, cl. 3, in enacting §931 and because §931 is unconstitutionally vague. For the reasons set forth below, the Motion is denied.

**I. INTRODUCTION**

On June 3, 2005, Akron police officers arrested Defendant. The government asserts that Defendant had broken into a Akron police cruiser, which was parked at the officer's residence. (Pl.'s Opp. 2.) At the time he was arrested, Defendant was wearing the officer's body armor vest under his shirt and possessed additional police equipment, including the officer's mobile radio, mini flashlight, and 2-way radio. (*See* Gov. Exhibit 1).

Defendant was charged in a one-count indictment with unlawful possession of body armor, in violation of 18 U.S.C. § 931(a)(1), which states, "it shall be unlawful for a person to purchase, own, or possess body armor, if that person has been convicted of a felony that is - - a crime of violence (as defined in section 16)." "Body armor" is defined as "any product sold or offered for sale, in interstate or foreign commerce, as personal protective body covering intended to protect against gunfire, regardless of whether the product is to be worn alone or is sold as a complement to another product or garment." *See* 18 U.S.C. § 921(a)(35).

## II. LAW AND ANALYSIS

### A. Commerce Clause

The Commerce Clause gives Congress the power "[t]o regulate Commerce ... among the several States." U.S. Const. art I, § 8, cl.3. The Sixth Circuit recognizes that "congressional enactments are entitled to a presumption of constitutionality." *United States v. Napier*, 233 F.3d 394, 399 (6th Cir. 2000). There are three broad categories of activity that Congress may regulate under its commerce power: 1) the use of the channels of interstate commerce; 2) the instrumentalities of interstate commerce, or persons or things in interstate commerce; and 3) those activities having a substantial relation to interstate commerce. *Id.* (citation omitted).

Defendant argues 18 U.S.C. § 931(a) is unconstitutional, as it exceeds the authority of Congress under the Commerce Clause of the Constitution. (*See* Def. Mot. 2.) Specifically, Defendant argues that Congress failed to identify the economic effect that regulation of the possession of body armor by an aggravated felon had on interstate commerce. (*See* Def. Mot. 6.) Defendant relies on two cases, *United States v. Lopez*, 514 U.S. 549 (1995), and *United States v. Morrison*, 120 S. Ct. 1740 (2000). (*See* Def. Mot. 7.) In *Lopez*, the Supreme Court struck down

the Gun-Free School Zones Act, 922(q) which prohibited the possession of a firearm in a school zone. In striking down § 922(q), the Court noted that it was a criminal statute that "had nothing to do with 'commerce' or any sort of economic enterprise, however broadly one might define those terms." 514 U.S. at 561. The *Lopez* Court also pointed to the lack of any "jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." *Id.*

In *United States v. Morrison*, the Supreme Court struck down the civil remedy provision of the Violence Against Women Act, 42 U.S.C. § 13981, on the ground that it exceeded Congress' power under the Commerce Clause. 120 S. Ct. 1740, 1754. The *Morrison* Court observed that the Violence Against Women Act, like the Gun-Free School Zones Act at issue in *Lopez*, contained no jurisdictional element establishing that the federal cause of action was in pursuance of Congress' power to regulate interstate commerce. *Id.* at 1751.

### 1. Jurisdictional Element of § 931(a)(1)

Unlike the statutes struck down in *Lopez* and *Morrison,* which lacked jurisdictional elements, § 931(a)(1) contains a jurisdictional element. Section 931(a)(1) criminalizes the possession by a felon of body armor "sold or offered for sale, in interstate or foreign commerce." *See* § 921(a)(35). Plaintiff's reliance on *Lopez* and *Morrison* is therefore misplaced. The jurisdictional element contained in § 931(a)(1) provides the requisite nexus with interstate commerce. As the Government argues, prohibiting possession by felons limits the market for body armor, and discourages shipping, transporting, and receiving body armor in or from interstate commerce. (Pl.'s Opp. 6.)

A jurisdictional element similar to that of § 931(a)(1) is found in § 922(g)(1), which prohibits the possession by a felon of a firearm. The Sixth Circuit has upheld § 922(g)(1) against commerce clause challenges because it contains a jurisdictional provision that requires the government to prove that the firearm was possessed "in or affecting commerce." *See United States v. Chesney*, 86 F.3d 564, 568 (6th Cir. 1996). For example, in *United States v. Turner*, the Sixth Circuit observed that "[r]equiring the government in each case to prove that a felon has possessed a firearm 'in or affecting commerce' ensures that the firearm possession in question affects interstate commerce and saves § 922(g) from the jurisdictional defect that doomed § 922(q) [the statute invalidated in *Lopez*.]" 77 F.3d 887, 889 (6th Cir. 1996). The same can be said in the instant case for § 931(a)(1). The government may be required to prove that a felon possessed body armor "sold or offered for sale, in interstate or foreign commerce" thus ensuring "through case-by-case inquiry, that the [body armor] possession in question affects interstate commerce." *See Lopez,* 514 U.S. at 561. Therefore, § 931(a)(1) survives Defendant's commerce clause challenge.

### 2. Nexus to Interstate Commerce

In *United States v. Chesney*, the Sixth Circuit, finding § 922(g)(1) constitutional as applied to the defendant, reasoned, "[t]he fact that Chesney possessed a gun that previously had moved in interstate commerce provides a sufficient nexus between Chesney's conduct and interstate commerce to allow Congress to regulate Chesney's conduct pursuant to the Commerce Clause." 86 F.3d 564, 572. Likewise, in the instant case, the fact that Marler possessed body armor[1] that previously had been "sold or offered for sale, in interstate or foreign commerce"[2] provides a

---

[1] The body armor Defendant Marler was wearing at the time of his arrest in Ohio, was manufactured in Jacksboro, Tennessee and purchased by the Akron Police Department.

[2] *See* § 921(a)(35).

sufficient nexus between Marler's conduct and interstate commerce to allow Congress to regulate Marler's conduct pursuant to the Commerce Clause. Section 931(a)(1) is therefore constitutional as applied to Marler.

### 3. Persuasive Case Law

The only reported federal case to address whether § 931(a) exceeds Congress' authority under the Commerce Clause is *United States v. Kitsch*, 307 F. Supp. 2d 657 (D. Pa. 2004). In *Kitsch*, the defendant was charged with being a violent felon in possession of body armor in violation of 18 U.S.C. § 931(a)(1). The defendant moved to dismiss the indictment claiming the statute exceeded Congress' authority under the Commerce Clause. *Id.* at 657. The *Kitsch* court distinguished *Lopez* and *Morrison,* because unlike the statutes at issue in those cases, § 931(a)(1) contained the requisite jurisdictional element. *Id.* at 660-661. The *Kitsch* court further noted, "we are aware of no recent case where the Court has sustained a facial challenge to a law containing a jurisdictional element, and we would be surprised to learn that a court could strike down an act of Congress that carefully limited its reach to activities within that body's commerce power." *Id.* at 660. In conclusion, the *Kitsch* court held that § 931(a)(1) was constitutional and denied the defendant's motion to dismiss the indictment. *Id.* at 661.

Though not controlling, *Kitsch* lends persuasive authority to the government's position in the instant case that § 931(a)(1) is constitutional and that Defendant's Motion to Dismiss the Indictment against him should be denied.

### 4. Conclusion

Section 931(a)(1) contains the requisite jurisdictional element and has a sufficient nexus to interstate commerce to be constitutional as applied to Marler. Consequently, Defendant's commerce clause challenge to § 931(a)(1) is denied.

### B. Vagueness

Next, Defendant Marler claims that 18 U.S.C. § 931 is unconstitutionally vague. Specifically, Defendant argues, "[t]he definition of body armor as provided in 18 U.S.C. §921(a)(35) fails to provide the public with fair notice or warning of statutory prohibitions so that they may act in a lawful manner. An ordinary citizen simply cannot anticipate what will be considered body armor under the statute's definition of body armor." (*See* Def. Mot. 14.)

Section 921(a)(35) defines body armor as "any product sold or offered for sale, in interstate or foreign commerce, as personal protective body covering intended to protect against gunfire, regardless of whether the product is to be worn alone or is sold as a complement to another product or garment." *See* 18 U.S.C. § 921(a)(35).

As the Sixth Circuit has explained, "[t]he standard for vagueness in a criminal statute is if it defines an offense in such a way that ordinary people cannot understand what is prohibited or if it encourages arbitrary or discriminatory enforcement." *United States v. Avant*, 907 F.2d 623, 625 (6th Cir.1990) (citing *Kolender v. Lawson*, 461 U.S. 352, 355 (1983)). However, it is well-established that "vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *United States v. Powell*, 423 U.S. 87, 92 (1975) (citing *United States v. Mazurie*, 419 U.S. 544, 550 (1975)). Marler does not assert that § 931, or his indictment for violation thereof, involved his First Amendment rights. Therefore,

Defendant must establish that "the statute is vague as applied to his particular case, not merely that the statute could be construed as vague in some hypothetical situation." *United States v. Krumrei*, 258 F.3d 535, 537 (6th Cir. 2001) (citing *Avant*, 907 F.2d at 625).

As applied to the facts of Defendant's particular case, § 931 is not vague. When Defendant was arrested, he was wearing a four-pound bullet proof vest under his shirt. (*See* Pl.'s Opp. 8). There was a large label on the vest that stated that it was made by "American Body Armor." *See* Gov. Exhibit 2. Defendant obtained the vest from the city vehicle of Detective Kandy Shoaff of the Akron Police Department. *See* Gov. Exhibit 1. Body armor is defined in § 921(a)(35) as "protective body covering intended to protect against gunfire." It is clear to the court that Defendant knew he was in possession of body armor, as defined under the statute, when he took the four-pound, clearly labeled, police-issued body armor from the city vehicle of a police officer, and put it on under his shirt. Consequently, the Defendant has failed to carry the burden of establishing that the statutory definition of "body armor" is vague as applied to his particular case. Hence, his void for vagueness challenge fails.

### III. CONCLUSION

Section 931(a)(1) contains the requisite jurisdictional element and has a sufficient nexus to interstate commerce to survive Defendant's commerce clause challenge. In addition, Defendant has failed to establish that the statutory definition of "body armor" is vague as applied to his particular case. Accordingly, Defendant's Motion to Dismiss the Indictment (ECF No. 15) against him is denied.

IT IS SO ORDERED.

/s/*SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

December 6, 2005